**Charlene Dawn WOLFGRAMM, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74291.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.[*]

Filed May 5, 2008.

Thomas R. Lotterman, Bingham McCutchen LLP, Washington, DC, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Edward J. Duffy, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Charlene Dawn Wolfgramm, a native and citizen of Tonga, petitions for review of an order of the Board of Immigration Appeals ("BIA") sustaining the Department of Homeland Security's appeal from an immigration judge's decision granting her withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir.2006). We grant the petition for review and remand for further proceedings.

Reviewing de novo, *id.* at 1215, we conclude that the BIA erred in the manner in which it determined that Wolfgramm's carjacking conviction under Cal.Penal Code § 215(a), for which she was sentenced to three years imprisonment, bars her from withholding of removal because it is for a "particularly serious crime." *See* 8 U.S.C. § 1231(b)(3)(B). The BIA's decision did not sufficiently apply *Matter of Frentescu,* 18 I. & N. Dec. 244 (BIA 1982), and omitted case-specific discussion of the most important *Frentescu* factor: "whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Afridi,* 442 F.3d at 1219 (quoting *Frentescu,* 18 I. & N. Dec. at 247); *see also id.* (noting that "there is nothing in the BIA's analysis ... that would separate it from an analysis regarding any other person's conviction for the same offense"). We therefore remand to the BIA "so that it can consider the facts and circumstances of [Wolfgramm's] crime in determining whether [she] committed a particularly serious crime." *Id.* at 1221.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

## PETITION FOR REVIEW GRANTED; REMANDED.